UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CLAYTON HYATT

    Plaintiff,

v.

MILLERS ALE HOUSE, INC,
d/b/a Miller's Ale House Restaurant
and ORION COLONIAL PLAZA, LLC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Clayton Hyatt, by and through the undersigned counsel, hereby sues Defendants, Miller's Ale House, Inc, d/b/a Miller's Ale House Restaurant, and Orion Colonial Plaza, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, Miller's Ale House, Inc, d/b/a Miller's Ale House Restaurant, and Orion Colonial Plaza, LLC, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Clayton Hyatt ("Plaintiff") is a resident of the state of Florida. Plaintiff has a 'qualified disability' under the ADA, as he lives with incomplete paraplegia due to a spinal cord injury sustained in a car accident and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D).

5. Defendant, Miller's Ale House, Inc, is a Foreign for-profit corporation, authorized to do business within the state of Florida, which upon information and belief is the owner and operator of the "Miller's Ale House Restaurant", located at Colonial Palms Plaza, 13603 S Dixie Hwy, Miami, Florida 33176, the subject property to this action, (hereinafter "Operator" or "Miller's Ale House").

6. This Court has personal jurisdiction over Defendant, Miller's Ale House, Inc, pursuant to, *inter alia*, Florida's long arm statute F.S. § 48.193, in that Defendant: (a) operate, conduct, engage in, and/or carry on a business or business ventures (s) in Florida and/or have an office or agency in Florida; (b) have committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) have purposely availed itself of Florida's laws, services and/or benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

7. Defendant, Orion Colonial Plaza, LLC, is a Florida limited liability company, which upon information and belief owns and/or operates the commercial property identified as

Folio: 33-5022-054-0010, with post address of 13611 S. Dixie Highway, Palmetto Bay, Florida 33176, and subject property to this action. Defendant's real property is built as a shopping center and referenced throughout as "Owner" or "Orion Colonial."

## FACTS

8. Defendant, Miller's Ale House, Inc, is the owner and operator of the "Miller's Ale House Restaurant," located at 13603 S Dixie Hwy, Miami, Florida 33176, and open to the public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

9. At all times material hereto, Defendant, "Orion Colonial", has leased its commercial property to Defendant, "Miller's Ale House, Inc", who in turn has operated (and continues to operate) its restaurant within that leased space.

10. As the owner/operator of "Miller's Ale House Restaurant", which is open to the public, Defendant, "Miller's Ale House, Inc" is defined as a place of "public accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

11. On September 7, 2024, Plaintiff personally visited "Miller's Ale House Restaurant", but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of Defendant, "Miller's Ale House, Inc", and by the owner

of the commercial property Defendant, "Orion Colonial" which houses "Miller's Ale House Restaurant".

13. As the owner and operator of a restaurant. Defendant, "Miller's Ale House, Inc", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which built out and utilized as restaurant an establishment that provides goods/services to the general public, Defendant, "Orion Colonial", is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

15. As the owner of commercial property, which is built as public accommodation, Defendant, "Orion Colonial", is aware of the ADA and the requirement to provide equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize "Miller's Ale House Restaurant" operated by Defendant, "Miller's Ale House, Inc", and located at the commercial property owned by

Defendant, "Orion Colonial", but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. All requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the "Miller's Ale House" with the intention to use of their services, however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendants, Miller's Ale House, Inc, and Orion Colonial Plaza, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the commercial property use as "Miller's Ale House Restaurant".

25. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant, Orion Colonial Plaza, LLC, owner of the commercial property, which houses Defendant, Miller's Ale House, Inc, d/b/a Miller's Ale House Restaurant, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, Miller's Ale House, Inc, (operator) and Defendant, Orion Colonial Plaza, LLC,

**Hyatt v. Miller Ale House**
**Complaint for Injunctive Relive**

(owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

### Access to Goods and Services (Exterior Seating)

i. The seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

### Access to Goods and Services (Interior Seating)

iii. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

### Men's Accessible Restroom (General Area)

iv. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff had difficulty opening the door, as the trash bin is encroaching the maneuvering clearance on the door. Violation: Trash bin encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

vi. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. Violation: The paper towel dispenser is not mounted in

**Hyatt v. Miller Ale House**
**Complaint for Injunctive Relive**

accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Men's Accessible Restroom (Accessible Stall)**

ix. The plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: Lavatory is mounted over the required height to the top of the rim above the finished floor violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv. The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xv. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due the lavatory is encroaching. Violation: Lavatory is mounted at 59.25" from the water closet side wall not providing the required clear floor space. Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi. The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

Hyatt v. Miller Ale House  
Complaint for Injunctive Relive

**WHEREFORE,** Plaintiff, Clayton Hyatt hereby demands judgment against Defendants, Miller's Ale House, Inc, d/b/a Miller's Ale House Restaurant, and Orion Colonial Plaza, LLC Defendant, Orion Colonial Plaza, LLC, (owner of the commercial property) and Defendant, Miller's Ale House, Inc, (lessee of the commercial property and operator of the Miller's Ale House Restaurant located therein) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this November 21, 2024.

By: */s/ Juan Courtney Cunningham*  
Juan Courtney Cunningham, Esq.  
FBN: 628166  
J. COURTNEY CUNNINGHAM, PLLC  
8950 SW 74th Court, Suite 2201  
Miami, Florida 33156  
Telephone: 305-351-2014  
cc@cunninghampllc.com  
legal@cunninghampllc.com  

*Counsel for Plaintiff*